UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN THOMPSON, SR., | No. 2:13-cv-1539 LKK AC P |
| Plaintiff, | |
| v. | ORDER |
| JAN SCULLY, et al.,, | |
| Defendants. | |

Plaintiff, a Sacramento County Jail inmate proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

Plaintiff names Sacramento County District Attorney Jan Scully and Sacramento Deputy District Attorney Carlton Davis as defendants. Plaintiff recounts that on October 30, 2007, he had been ordered by a court in Lincoln County, Kansas to undergo a psychological evaluation. Complaint at 6. Plaintiff alleges that on October 11, 2012, defendant Davis, without plaintiff's consent or knowledge, served a subpoena duces tecum upon Larned State Hospital in Larned, Kansas stating "[s]pecifically, we would like all records that indicate when Mr. Thompson was admitted to your facility, why he was admitted to your facility, when he left, and why he left." Id. at 3. Defendant Davis also stated: "The above are material to the issues involved in this case by reason of the following facts: Mr. Thompson [plaintiff herein] is charged with a crime." Id. Defendant Davis directed that Larned State Hospital provide the records to the court and himself within five days following receipt of the subpoena. Id. at 3-4.

On October 28, 2011, plaintiff's medical records were sent from the hospital. Upon receipt of a copy of plaintiff's medical records, defendant Davis contacted plaintiff's public defender, Marcia Price, asking her to stipulate on the record that he, Davis, could have them. Id. at 4. Plaintiff's defense counsel refused because defendant Davis had not obtained plaintiff's, his attorney's or the court's permission to access them. Despite having received plaintiff's psychiatric records on October 28th, plaintiff did not provide them to the court until December 1, 2011. Id. at 6.

In the interim, on November 9, 2011, defendant Davis served another subpoena duces tecum, evidently requesting that plaintiff's medical records be sent to the court. In his declaration in support of the subpoena, defendant Davis again asked for information indicating when and why plaintiff had been admitted and when and why he had left. It was stated that: "[t]hese records are material and necessary to determine the extent of injuries suffered by the patient, and the successful prosecution of this criminal matter." Id. Plaintiff's medical records were again sent out from the hospital on November 10, 2011.

On November 18, 2011, defendant Davis claimed plaintiff's medical records had been sent to him in error. When, on that day, Nov. 18, 2011, plaintiff's defense attorney, Ms. Price,

3

1  requested copies of the two subpoenas, defendant Cullen stumblingly declared the forms were
2  irrelevant.  The judge nevertheless ordered defendant Davis to turn over copies of the forms to the
3  judge and defense that day.  However, defendant Davis did not do so for another eighteen days,
4  on December 6, 2011, and only after plaintiff's defense counsel had sent many emails to Davis.
5  Id. at 5.
6      When a motion to quash was filed and opposed, the court held a hearing in camera.  The
7  judge concluded that defendant Davis had no right to have accessed plaintiff's medical and
8  psychiatric records, although the information concerning when and how plaintiff had been
9  discharged was not impermissibly obtained.  Id.  Defendant Davis claimed he was unaware that
10 the records he sought were medical or psychiatric records, although this is belied by the nature of
11 the subpoena requests.  Moreover, defendant Carlton already had the information he stated that he
12 was seeking since a detective in June of 2011 had already contacted Larned State Hospital
13 requesting plaintiff's release information and had obtained it at that time.  Id. at 6.
14     Plaintiff alleges that defendant Davis acted under color of state law in committing his
15 "crimes."   Plaintiff is also suing District Attorney Scully because Davis was under her guidance
16 in his job as a deputy district attorney and "his actions reflect on her."  Id.   Plaintiff seeks relief
17 in the form of punitive damages and the disbarment of defendants Scully and Davis.  Id. at 3.
18 Defendant Scully
19     The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

23 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
27 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
28 omits to perform an act which he is legally required to do that causes the deprivation of which

4

1 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

2     Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff fails altogether to link any conduct by District Attorney Scully to the actions of which he complains regarding defendant Davis. Defendant Scully will be dismissed. Plaintiff will be granted leave to amend.

Defendant Davis

    Plaintiff is suing defendant Davis for allegedly inappropriately issuing subpoenas for and thereby accessing plaintiff's medical and psychiatric records, evidently during a criminal prosecution of plaintiff on an unidentified criminal charge. What plaintiff has failed to do, however, is to identify any deprivation of constitutional rights to which he has been subjected by the actions of Davis. While individuals have a constitutionally protected right not to have their personal matters disclosed, including medical information, Whalen v. Roe, 429 U.S. 589, 599 (1977), the right is a conditional one "which may be infringed upon a showing of proper governmental interest." Tucson Woman's Clinic v. Eden, 379 F. 3d 531, 551 (9th Cir. 2004) (internal quotation marks and citation omitted). The Ninth Circuit has held "that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010). Nor is there a private right of action under the Health Insurance Portability and Accountability Act (HIPAA). Id. at 533.

    Moreover, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976). Determining whether a prosecutor's actions are

immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F.Supp. 710, 728 (N.D. Cal. 1984).

> To determine whether an action is judicial, investigative, or administrative, we look at " 'the nature of the function performed, not the identity of the actor who performed it.' " Kalina v. Fletcher, 522 U.S. 118, 127 [] (1997) (quoting Forrester v. White, 484 U.S. 219, 229 [] (1988))."

Cousins v. Lockyer, 568 F.3d 1063, 1068 (9th Cir. 2009).

The allegations before the court suggest that defendant Davis obtained access to plaintiff's medical and psychiatric records as part of and during the state's prosecution of plaintiff. Defendant Davis will be dismissed but plaintiff will be granted leave to amend.

Plaintiff is also cautioned that to the extent he seeks to implicate defendant Davis for conduct which may have led to a current state criminal conviction, this action would appear to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not

1 been so invalidated is not cognizable under 1983.

2 Heck, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  Id.

Finally, if plaintiff is claiming a violation of his constitutional rights in an on-going state criminal proceeding, plaintiff is advised that, generally, federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37, 45-46 (1971).

For all these reasons, plaintiff's complaint is dismissed but he is granted leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Additional Motions

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983

1 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional
2 circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §
3 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900
4 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required
5 exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be
6 denied.

7 Plaintiff also seeks greater access to the jail law library and also objects to the weekly 25-
8 page copy limit. Plaintiff is not being denied all access, and provides an inadequate basis for the
9 court-ordered status which he maintains would permit him greater access and unlimited copies.
10 The request is denied.

11 In accordance with the above, IT IS HEREBY ORDERED that:

12 1. Plaintiff's request for leave to proceed in forma pauperis is granted.

13 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff
14 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
15 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
16 Director of the California Department of Corrections and Rehabilitation filed concurrently
17 herewith.

18 3. The complaint is dismissed for the reasons discussed above, with leave to file an
19 amended complaint within twenty-eight days from the date of service of this order. Failure to file
20 an amended complaint will result in a recommendation that the action be dismissed.

21 4. Plaintiff's request for appointment of counsel (ECF No. 4) is denied.

22 5. Plaintiff's request for greater jail law library access and unlimited copies (ECF No. 8)
23 is denied at this time.

24 DATED: September 13, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

28 AC:009
thom1539.b