UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN THOMPSON, SR., | No. 2:13-cv-1539 LKK AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JAN SCULLY, et al., | |
| Defendants. | |

Plaintiff, a Sacramento County Jail inmate proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on September 16, 2013, plaintiff's complaint was dismissed with leave to amend. ECF No. 10. Following an extension of time, ECF No. 13, plaintiff filed his amended complaint on November 25, 2013. ECF No. 15.

SCREENING STANDARDS UNDER 28 U.S.C. § 1915A(a)

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
2  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

7        A complaint must contain more than a "formulaic recitation of the elements of a cause of
8  action;" it must contain factual allegations sufficient to "raise a right to relief above the
9  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading
10  must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]
11  a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and
12  Procedure § 1216, pp. 235-35 (3d ed. 2004)).  "[A] complaint must contain sufficient factual
13  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
14  566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has
15  facial plausibility when the plaintiff pleads factual content that allows the court to draw the
16  reasonable inference that the defendant is liable for the misconduct alleged." Id.

17        In reviewing a complaint under this standard, the court must accept as true the allegations
18  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
19  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
20  the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

21        ALLEGATIONS OF THE COMPLAINT

22        Plaintiff claims that Deputy District Attorney Carlton Davis violated plaintiff's right to
23  privacy by illegally obtaining and improperly handling confidential mental health treatment
24  records.  The complaint alleges the following facts:
25        In March 2007, plaintiff was accused by his 11-year-old stepdaughter of sexually
26  assaulting her and her 13-year-old sister in Sacramento County.  In October 2007, the older
27  stepdaughter called plaintiff from her father's house in Idaho, crying that her father had punched
28  and kicked her and asking for assistance.  Plaintiff picked her up and was arrested two days later

2

in Lincoln County, Kansas.  While in jail there, he attempted suicide and was admitted to Larned State Hospital in Larned County, Kansas.  Plaintiff was released back to the jail on October 26, 2007, and returned to the hospital on October 30 following a suicide threat.  Plaintiff "went AWOL" from the hospital on November 3, 2007.  He was arrested in Corpus Christi, Texas on September 27, 2008.  Plaintiff was extradited to Idaho on charges of second degree kidnapping, where he pled guilty to a charge of child custody interference and was sentenced to a five-year prison term.  Amended Complaint, ECF No. 15, at 1-2.

An arrest warrant for plaintiff issued from Sacramento County on April 21, 2011, related to the sexual abuse allegations.  ECF No. 15 at 2.  Plaintiff was extradited and detained in Sacramento County Jail on August 17, 2011.  On October 11, 2011, defendant Deputy District Attorney Davis served a subpoena duces tecum on Larned State Hospital demanding production of "all records that indicate when Mr. Thompson was admitted to your facility, why he was admitted to your facility, when he left your facility, and why he left the facility."  Id. at 3.  Defendant Davis also stated: "The above are material to the issues involved in this case by reason of the following facts: Mr. Thompson is charged with a crime."  Id.  Defendant Davis's letter and subpoena advised Larned State Hospital to provide the records to the deputy district attorney's office, warning in large letters that "non-compliance" could result in criminal punishment.  Id. at 3-4.

On November 8, 2011 in Sacramento County Superior Court, Davis asked plaintiff's criminal defense attorney to stipulate that Davis could keep the records which had been provided by Larned State Hospital pursuant to the subpoena duces tecum.  Counsel for plaintiff did not so stipulate, because the records having been delivered to the district attorney's office signified an "illegal chain of custody."  Id. at 4.  The next day, defendant Davis sent a second subpoena duces tecum to Larned State Hospital.  In this subpoena it was stated that the records sought "are material and necessary to determine the extent of injuries suffered by the patient and for the successful prosecution of this criminal matter."  Id.

At a court hearing on November 18, 2011 concerning release of the records, the judge ordered Davis to turn over copies of the subpoena forms to the judge and defense that day.  Davis

did not do so for another eighteen days, and only after plaintiff's defense counsel had sent many emails to Davis. Id. at 4-5. Davis was also ordered to lodge plaintiff's psychological records with the court, but he did not do so until December 1, 2011.[1] Davis claimed that once he realized that the documents were medical records he had sealed them up. ECF No. 15 at 5-6.

The court held a hearing in camera on a defense motion to quash. The judge concluded that defendant Davis had no right to have accessed plaintiff's medical and psychiatric records. The judge released only five pages of the records, those pages which concerned plaintiff's having gone AWOL from the hospital. Id. at 6-7. Defendant Davis claimed he had never sought documents pertaining to plaintiff's treatment or diagnosis. However, a Sacramento County Public Defender investigator contacted Larned State Hospital and learned from a Mrs. Holmberg that defendant Davis had pursued the "master file" from plaintiff's second admission to the hospital which contained psychological and medical records, as well as records documenting plaintiff's having left the facility without authorization. Id. at 7-8.

Plaintiff claims that defendant Davis's pursuit of the mental health treatment records violated plaintiff's "inalienable right to privacy" under the federal and state constitutions. Plaintiff further contends that his Fourth Amendment rights were violated by the unwarranted governmental intrusion. He points to Art I § 1 of the California Constitution as also prohibiting unreasonable searches and seizures. Plaintiff asserts that the records were confidential pursuant to Cal. Welf. & Inst. Code § 5328[2] and protected under the psychotherapist-patient privilege codified at § 1010 of the Cal. Evid. Code.[3] Plaintiff alleges that Davis's actions violated the federal Health Insurance Portability and Accountability Act (HIPAA). Id. at 8-18. Plaintiff contends that Davis' conduct was unethical and even criminal, although he does not claim that

---

[1] Plaintiff states that defendant Davis sent plaintiff's mental health records to plaintiff's defense counsel on November 22, 2011. ECF No. 15 at 5.
[2] This state statute states that the information and records of those who are voluntary or involuntary recipients of, inter alia, mental health treatment are confidential and subject to disclosure only in defined circumstances.
[3] This California statute provides the definition of "psychotherapist." Cal. Evid. Code § 1012 defines "confidential communication between patient and psychotherapist" in the context of the psychotherapist-patient privilege.

defendant Davis disclosed any of the information to which he wrongfully gained access.

Plaintiff seeks damages including punitive damages and injunctive relief in the form of the disbarment of defendant Davis. Id. at 18-19.

## DISCUSSION

The second amended complaint states claims against Deputy District Attorney Davis only.[4] The claims are based entirely on Davis's issuance of subpoenas for, and subsequent handling of, psychiatric records in the course of prosecuting plaintiff for child sex abuse. ECF No. 15. Such conduct is protected by absolute immunity from civil suits for damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409 (1976). Because the PLRA requires dismissal of a complaint seeking monetary relief from a defendant who is immune from such relief, 28 U.S.C. § 1915A(2), this action must be dismissed.

Immunity extends to protect a prosecutor who acts within his or her authority and in a quasi-judicial capacity. Imbler, 424 U.S. at 430-31. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The gathering and review of evidence for purposes of case preparation is a core prosecutorial function entitled to such protection. Imbler, 424 U.S. at 431 n.33 (prosecutorial functions protected by absolute immunity include "the obtaining, reviewing and evaluating of evidence" necessary to prepare charges and prepare for trial).

In Burns v. Reed, 500 U.S. 478 (1991), the Supreme Court held that a prosecutor was immune from damages for his conduct in seeking a search warrant following the defendant's arrest. Like the prosecutor in Burns, defendant Davis was acting in the course of his role as an advocate to obtain evidence related to a pending prosecution. As in Burns, the fact that the evidence was sought by the prosecutor after an arrest had been made demonstrates that the case had entered the judicial phase of criminal proceedings. See id. at 492. In this case, the

---

[4] Plaintiff has expressly abandoned his claims against Jan Scully, and proceeds only against Davis. ECF No. 15 at 1.

1  allegations of the complaint establish that plaintiff's psychiatric records were sought to facilitate
2  the prosecution of charges that had already been brought,[5] and not to explore the existence of
3  evidence that might ripen into a potential prosecution. Although evidence-gathering of the latter
4  type does not support absolute prosecutorial immunity, see Gobel v. Maricopa County, 867 F.2d
5  1201, 1204 (9th Cir. 1989), the former clearly does.

The fact that record gathering may be characterized as an investigative function does not preclude application of absolute immunity. "Absolute prosecutorial immunity attaches to the actions of a prosecutor *if those actions were performed as part of the prosecutor's preparation of his case*, even if they can be characterized as 'investigative' or 'administrative.'" Demery v. Kupperman, 735 F.2d 1139, 1143 (9th Cir. 1984) (emphasis added), cert. denied, 469 U.S. 1127 (1985). See also Freeman ex rel. the Sanctuary v. Hittle, 708 F.2d 442, 443 (9th Cir. 1983) ("Investigative functions carried out pursuant to the preparation of a prosecutor's case . . . enjoy absolute immunity."). In contrast, absolute immunity does not apply where a prosecutor performs investigative acts that are typical of police work. Buckley, 509 U.S. at 273; see also Gobel, 867 F.2d at 1204 (collecting cases). If the investigative task is intimately associated with the judicial phase of the criminal process, or where the prosecutor acts as an officer of the court, then absolute immunity applies. See Imbler, 424 U.S. at 430, 431 n.33.

Those criteria are satisfied here. Davis's actions were not typical of police work but were performed as part of the prosecutor's preparation of his case. Plaintiff had already been charged

---

[5] The complaint does not state when the Sacramento County charges were filed. Plaintiff alleges that the accusations of sexual abuse were first made in March 2007, and that a Sacramento County warrant issued four years later, on April 21, 2011, while plaintiff was incarcerated in Idaho. On April 28, 2011 plaintiff filed a demand for trial under the Interstate Agreement on Detainers. He was transferred to Sacramento to face the charges in August 2011. ECF No. 15 at 1-3. The first disputed subpoena was issued the following October, and plainly stated that plaintiff had been charged with a crime. The second subpoena specified that the requested records were "necessary . . . for the successful prosecution of this criminal matter." Id. Although the subpoenas are not attached to the complaint and plaintiff does not provide a criminal case number, the fact that a criminal case was pending is not reasonably subject to dispute. Once criminal charges are filed, a prosecutor's role as advocate – and attendant entitlement to absolute immunity -- is clear. Cf. Buckley, 509 U.S. at 275-76 (immunity not absolute for prosecutors' participation in preliminary investigation that significantly predated the filing of charges and thus came "well before they could properly claim to be acting as advocates").

1   and extradited pursuant to his demand for trial before the subpoenas were issued, ECF No. 15 at

2   2-3, so the pursuit of the information was "intimately associated with the judicial phase of the

3   criminal process." Id. at 430.  Moreover, Davis appeared in open court and in the judge's

4   chambers in relation to the psychiatric records.  Plaintiff bases his claims on these appearances as

5   well as the issuance of the subpoenas.  Appearing before a judge "clearly involve[s] the

6   prosecutor's 'role as advocate for the State'. . ." and therefore supports immunity.  Burns, 500

7   U.S. at 491.  Because all of Davis's actions related to the mental health records were taken in his

8   prosecutorial capacity to build his case for trial, those actions cannot support § 1983 liability.

9        Because Davis is entitled to absolute immunity for his actions in prosecuting plaintiff,

10  plaintiff cannot obtain the relief he seeks.  For this reason, the undersigned recommends dismissal

11  of this action with prejudice.  See 28 U.S.C. § 1915A(b)(2) (court must dismiss complaint that

12  seeks monetary relief from a defendant who is immune from such relief).[6]

13       The undersigned notes that the complaint suffers from additional defects.  Plaintiff has

14  previously been informed that while individuals have a constitutionally protected right not to have

15  their personal medical information disclosed, Whalen v. Roe, 429 U.S. 589, 599 (1977), the right

16  is a conditional one "which may be infringed upon a showing of proper governmental interest."

17  Tucson Woman's Clinic v. Eden, 379 F. 3d 531, 551 (9th Cir. 2004) (internal quotation marks

18  and citation omitted).  Prisoners do not have a constitutionally protected expectation of privacy in

19  correctional mental health treatment records when the state has a legitimate penological interest in

20  access to them.  Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir. 2010), cert. denied, 131 S.Ct.

21  1534 (2011).  There is no private right of action under HIPAA.  See id. at 533 (citing Webb v.

22  Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)); see also, Huling v. City

23  of Los Banos, 869 F. Supp. 2d 1139, 1154 (E.D. Cal. 2012).  The violation of state privacy laws,

24  even if proved, would not establish liability under § 1983.  See Galen v. County of Los Angeles,

---

[6] Plaintiff's prayer for injunctive relief does not save the complaint, because plaintiff seeks relief – the disbarment of Deputy District Attorney Davis – that this court cannot provide.  The court has no jurisdiction over the State Bar of California or the California Supreme Court, who are responsible for attorney licensing and disbarment.  Accordingly, the request for injunctive relief is frivolous and subject as such to summary dismissal.

477 F.3d 652, 662 (9th Cir. 2007) (violation of state law does not support relief under § 1983). It is unnecessary to consider whether plaintiff might by amendment add facts sufficient to state a §1983 claim premised on violation of his privacy rights, because defendant Davis would be absolutely immune from liability on any such claim against him.[7]

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004) (citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")). Because the plaintiff's §1983 claims are predicated in their entirety on acts for which the sole defendant is absolutely immune from liability, amendment would be futile.

To the extent (if any) that plaintiff intends to state independent causes of action under various state privacy laws, this court's jurisdiction depends on the existence of a viable federal claim. See 28 U.S.C. § 1367. Because the federal claims are insufficient to proceed for the reasons stated, any pendent state law claims are also subject to dismissal. See § 1367(c)(3). Amendment therefore would be futile even if any of the state laws to which plaintiff referred established a private cause of action.

## CONCLUSION

Accordingly, for all the reasons explained above, IT IS RECOMMENDED that plaintiff's first amended complaint (ECF No. 15) be dismissed with prejudice and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days

---

[7] The complaint also begs a question about application of Heck v. Humphrey, 512 U.S. 477 (1994), which bars suits for money damages where a judgment in plaintiff's favor would imply the invalidity of an existing criminal conviction. The complaint does not specify whether plaintiff was convicted based on information that he claims was obtained in violation of his rights. If so, Heck could pose an additional barrier to relief. It is also unclear whether state proceedings are ongoing. If so, abstention may be required. See Younger v. Harris, 401 U.S. 37, 45-46 (1971).

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE